# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BRIAN HUNSAKER, DONALD FRITZ, NICO FRAZIER,
GERALD HOYLE JR., ANTWAN WILLIAMS
Individually and on behalf of all
similarly situated individuals,

    Plaintiffs,

v.

IMPERIAL BEVERAGE COMPANY

    Defendant.

Case No.

Hon.

**COLLECTIVE ACTION**
**FAIR LABOR STANDARDS ACT**

**CLASS ACTION**
**IMPROVED WORKFORCE**
**OPPORTUNITY WAGE ACT**

| | |
|---|---|
| Noah S. Hurwitz (P74063)<br>Grant M. Vlahopoulos (P85633)<br>HURWITZ LAW PLLC<br>*Attorneys for Plaintiff*<br>340 Beakes St., Suite 125<br>Ann Arbor, MI 48104<br>(844) 487-9489<br>Noah@hurwitzlaw.com<br>Grant@hurwitzlaw.com | Allan S. Rubin (P44420)<br>JACKSON LEWIS P.C.<br>*Attorneys for Defendants*<br>2000 Town Center, Suite 1650<br>Southfield, MI 48322<br>248-936-1900<br>allan.rubin@jacksonlewis.com |

## COLLECTIVE AND CLASS ACTION
## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiffs Brian Hunsaker, Donald Fritz, Nico Frazier, Gerald Hoyle Jr., and Antwan Williams, individually and behalf of all other similarly situated individuals (hereinafter referred to as "Plaintiffs"), by and through their attorneys, HURWITZ LAW PLLC, hereby allege as follows:

## INTRODUCTION

1. Plaintiffs bring this collective action under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.* and class action under the Improved Workforce Opportunity Wage Act ("IWOWA"), MCL § 408.931 *et seq.* for unpaid overtime wages, liquidated damages, prejudgment interest, attorneys' fees, and other relief against Defendant Imperial Beverage Company (hereinafter referred to as "Defendant").

## JURISDICTION AND PARTIES

2. Plaintiff Brian Hunsaker is an individual residing in Newport, Michigan, which is located in Monroe County.

3. Plaintiff Donald Fritz is an individual residing in Dearborn Heights, Michigan, which is located in Wayne County.

4. Plaintiff Nico Frazier is an individual residing in Detroit, Michigan, which is located in Wayne County.

5. Plaintiff Gerald Hoyle Jr. is an individual residing in Redford, Michigan, which is located in Wayne County.

6. Plaintiff Antwan Williams is an individual residing in Detroit, Michigan, which is located in Wayne County.

7. Defendant is a domestic profit corporation with a registered agent in Kalamazoo, Michigan, which is located in Kalamazoo County.

8. Plaintiffs' claims arise out of Defendant's violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*, and the Improved Workforce Opportunity Wage Act ("IWOWA"), MCL § 408.931 *et seq.*

9. The U.S. District Court for the Eastern District of Michigan has subject matter jurisdiction over claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction under the claim under the Improved Workforce Opportunity Wage Act ("IWOWA") pursuant to 28 U.S.C. § 1367.

10. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391, as it is the district where the events giving rise to Plaintiff's claims took place and where Defendant regularly conducts business.

11. Defendant is an employer and Plaintiff was an employee at all relevant times within the meaning of the FLSA and IWOWA.

## **GENERAL ALLEGATIONS**

12. Defendant is a beverage distribution company with over 350 employees and offices in Kalamazoo, Livonia, Traverse City, and Ishpeming. Defendant conducts business throughout the state of Michigan.

13. At all times material to this Complaint, Defendant has been, and continues to be, an employer within the meaning of the FLSA, 29 U.S.C. § 203.

14. Plaintiffs were employed as drivers, responsible for delivering products from Defendant's warehouses to its customers.

15. Defendant has a standard practice of deducting 30 minutes from employee time sheets each workday for lunch, totaling two hours over the Defendant's standard 4-day workweek.

16. Defendant carries out this standard deduction only during weeks that an employee works more than 40 hours.

17. Plaintiffs worked through their lunch periods three to four days per week.

18. Management encouraged Plaintiffs to work through their lunch breaks.

19. Plaintiffs were eligible for overtime pay.

20. While 29 U.S.C. § 213(b)(1) provides for a so-called "motor carrier exemption", that exemption does not apply to Plaintiffs because it applies only to employees who are engaged in "interstate or foreign commerce" within the meaning of the Motor Carrier Act: 29 C.F.R. § 782.2(a).

21. Given that Defendant is licensed only for trade within Michigan and that Plaintiffs makes solely intrastate deliveries, Plaintiffs are not engaged in either interstate or foreign trade, and the work they perform does not fall within the qualified intrastate trade pursuant to 29 C.F.R. § 782.7(b)(2).

22. Therefore, Plaintiffs are not exempt from any overtime rights under the FLSA.

23. The IWOWA does not contain an exception comparable to 29 U.S.C. § 213(b)(1).

24. Defendant willfully denied two hours of compensable overtime work per week on average from Plaintiffs during their term of employment.

25. Upon information and belief, Defendant implements policies and practices to prevent Plaintiffs and other similarly situated individuals from being compensated overtime hours despite working over 40 hours a week.

26. With respect to the collective and class action claims under the FLSA and IWOWA, the collective action class is defined as "all current and former employees of Defendant who worked during unpaid lunch and were deprived of unpaid wages, compensable time, overtime, and vacation time from three (3) years preceding the filing of this lawsuit through the culmination of this litigation at any of Defendant's facilities." Plaintiffs reserve the right to amend said class definition consistent with information obtained through discovery.

**Plaintiff Brian Hunsaker**

27. Plaintiff Brian Hunsaker has been employed by Defendant since May 9, 2022.

28. Plaintiff Hunsaker is employed as a driver and is responsible for delivering products from Defendant's warehouses to its customers.

29. Plaintiff Hunsaker makes deliveries throughout Michigan but does not make interstate deliveries.

30. Plaintiff Hunsaker was paid the amount of $23.50 per hour between May 9, 2022, and January 25, 2022.

31. Since January 25, 2022, Plaintiff Hunsaker has been paid the amount of $24.00 per hour.

32. Plaintiff Hunsaker routinely worked more than forty (40) hours per week.

33. Plaintiff Hunsaker's salary was unlawfully automatically reduced by 30 minutes every workday for a total of two hours per workweek.

34. Plaintiff Hunsaker was deprived of wages in exact amounts to be determined at trial, but at a minimum, Defendant admits that Plaintiff Hunsaker is owed no less than $3,744.00 in unpaid overtime compensation during his employment of approximately 14 months.

**Plaintiff Donald Fritz**

35. Plaintiff Donald Fritz has been employed by Defendant since January 2, 2023.

36. Plaintiff Fritz is employed as a driver and is responsible for delivering products from Defendant's warehouses to its customers.

37. Plaintiff Fritz makes deliveries throughout Michigan but does not make interstate deliveries.

38. Plaintiff Fritz is paid the amount of $21.00 per hour.

39. Plaintiff Fritz routinely worked more than forty (40) hours per week.

40. Plaintiff Fritz's salary was unlawfully automatically reduced by 30 minutes every workday for a total of two hours per workweek.

41. Plaintiff Fritz was deprived of wages in exact amounts to be determined at trial, but at a minimum, he is owed no less than $1,638.00 in unpaid overtime compensation during his employment of approximately 6 months.

**Plaintiff Nico Frazier**

42. Plaintiff Nico Frazier was employed by Defendant on August 27, 2021.

43. Plaintiff Frazier was employed as a driver and is responsible for delivering products from Defendant's warehouses to its customers.

44. Plaintiff Frazier made deliveries throughout Michigan but does not make interstate deliveries.

45. Plaintiff Frazier was paid the amount of $21.50 per hour.

46. Plaintiff Frazier routinely worked more than forty (40) hours per week.

47. Plaintiff Frazier's salary was unlawfully automatically reduced by 30 minutes every workday for a total of two hours per workweek.

48. Plaintiff Frazier has not been employed by Defendant since January 19, 2023.

49. Plaintiff Frazier was deprived of wages in exact amounts to be determined at trial, but at a minimum, he is owed no less than $4,386.00 in unpaid overtime compensation during his employment of approximately 17 months.

### Plaintiff Gerald Hoyle Jr.

50. Plaintiff Gerald Hoyle Jr. was employed by Defendant on November 22, 2022.

51. Plaintiff Hoyle Jr. was employed as a driver and is responsible for delivering products from Defendant's warehouses to its customers.

52. Plaintiff Hoyle Jr. made deliveries throughout Michigan but does not make interstate deliveries.

53. Plaintiff Hoyle Jr. was paid the amount of $21.00 per hour.

54. Plaintiff Hoyle Jr. routinely worked more than forty (40) hours per week.

55. Plaintiff Hoyle Jr.'s salary was unlawfully automatically reduced by 30 minutes every workday for a total of two hours per workweek.

56. Plaintiff Hoyle Jr. has not been employed by Defendant since June 13, 2023

57. Plaintiff Frazier was deprived of wages in exact amounts to be determined at trial, but at a minimum, he is owed no less than $1,764.00 in unpaid overtime compensation during his employment of approximately 7 months.

### Plaintiff Antwan Williams

58. Plaintiff Antwan Willians was employed by Defendant on September 17, 2021.

59. Plaintiff Willians was employed as a driver and is responsible for delivering products from Defendant's warehouses to its customers.

60. Plaintiff Willians made deliveries throughout Michigan but does not make interstate deliveries.

61. Plaintiff Willians was paid the amount of $21.50 per hour.

62. Plaintiff Willians routinely worked more than forty (40) hours per week.

63. Plaintiff Willians' salary was unlawfully automatically reduced by 30 minutes every workday for a total of two hours per workweek.

64. Plaintiff Willians has not been employed by Defendant since March 31, 2023.

65. Plaintiff Willians was deprived of wages in exact amounts to be determined at trial, but at a minimum, he is owed no less than $4,644.00 in unpaid overtime compensation during his employment of approximately 18 months.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFFS, INDIVIDUALLY, AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED EMPLOYEES, CURRENT AND FORMER

66. Plaintiffs incorporate the allegations in the foregoing paragraphs.

67. Plaintiffs Hunsaker and Fritz are current "employees" within the meaning of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq.

68. Plaintiffs Frazier, Hoyle Jr., and Williams are former "employees" within the meaning of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq.

69. The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half (1.5) times the regular rate of pay for all hours worked over 40 hours per week.

70. Plaintiffs often worked more than 40 hours per week without overtime pay.

71. Plaintiffs worked through their lunch four times a week.

72. Defendant is aware, or should have been aware, that Plaintiffs performed work that required payment of overtime compensation.

73. In violation of the FLSA, Defendant failed to pay Plaintiffs and other similarly situated individuals compensation or unpaid wages, compensable time, overtime, and vacation time.

74. Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs for overtime compensation.

75. Defendant knew, or showed reckless disregard for the fact, that it failed to pay Plaintiffs overtime compensation in violation of the FLSA.

76. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered and will continue to suffer a loss of income and other damages.

77. Plaintiffs are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

78. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

79. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 2559(a). Defendant knew, or showed

reckless disregard for the fact, that its compensation practices were in violation of the law.

80. The proposed "opt in" collective action pursuant to 29 U.S.C. § 216(b) is defined as "all current and former employees of Defendant who worked during unpaid lunch and were deprived of unpaid wages, compensable time, overtime, and vacation time from three (3) years preceding the filing of this lawsuit through the culmination of this litigation at any of Defendant's facilities." Plaintiffs reserve the right to amend said class definition consistent with information obtained through discovery.

**COUNT II**
**VIOLATION OF THE IMPROVED WORKFORCE OPPORTUNTY WAGE ACT ("IWOWA") ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED EMPLOYEES, CURRENT AND FORMER (UNPAID OVERTIME WAGES)**

81. Plaintiff incorporates the allegations in the foregoing paragraphs.

82. Plaintiffs Hunsaker and Fritz are current "employees" within the meaning of the Improved Workforce Opportunity Wage Act ("IWOWA"), MCL § 408.932.

83. Plaintiffs Frazier, Hoyle Jr., and Williams are former "employees" within the meaning of the Improved Workforce Opportunity Wage Act ("IWOWA"), MCL § 408.932.

84. Defendant was and continues to be an "employer" within the meaning of the Improved Workforce Opportunity Wage Act ("IWOWA"). *Id.*

85. "An employer shall not pay any employee at a rate less than prescribed" in the Improved Workforce Opportunity Wage Act ("IWOWA"). *Id.* 408.933.

86. "Except as otherwise provided in this act, an employee shall receive compensation at not less than 1-1/2 times the regular rate at which the employee is employed for employment in a workweek in excess of 40 hours." *Id.* 408.934a.

87. Defendant deprived Plaintiffs of proper overtime compensation for hours worked in excess of 40 hours per week.

88. Plaintiffs and all other similarly situated employees were and are being deprived of earned wages in amounts to be determined at trial. They are entitled to compensation for unpaid overtime wages, interest, liquidated damages, attorneys' fees and costs, and any other remedies available at law or in equity.

89. Plaintiffs seek to certify their claims under the Improved Workforce Opportunity Wage Act ("IWOWA") as a class action under Fed. R. of Civ. P. 23.

90. The proposed class is defined as "all current and former employees of Defendant who worked during unpaid lunch and were deprived of unpaid wages, compensable time, overtime, and vacation time from three (3) years preceding the filing of this lawsuit through the culmination of this litigation at any of Defendant's

facilities." Plaintiffs reserve the right to amend said class definition consistent with information obtained through discovery.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs request the following relief:

a. Designation of this action as a collective action pursuant to the Fair Labor Standards Act and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

b. Designation of this action as a class action pursuant to the Improved Workforce Opportunity Wage Act ("IWOWA") and prompt issuance of notice;

c. An award of unpaid overtime wages under federal and state law;

d. An award of liquidated damages under federal and state law;

e. Prejudgment interest;

f. Attorneys' fees and costs under federal and state law; and

g. Such other relief as in law or equity may pertain.

Respectfully Submitted,
HURWITZ LAW PLLC

*/s/ Noah S. Hurwitz*_____
Noah S. Hurwitz (P74063)
*Attorneys for Plaintiff*
340 Beakes St. Ste. 125
Ann Arbor, MI 48104
(844) 487-9489

Dated: August 22, 2023

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BRIAN HUNSAKER, DONALD FRITZ, NICO FRAZIER,
GERALD HOYLE JR., ANTWAN WILLIAMS
Individually and on behalf of all
similarly situated individuals,    Case No.

    Plaintiffs,    Hon.

v.    **COLLECTIVE ACTION**
     **FAIR LABOR STANDARDS ACT**

IMPERIAL BEVERAGE COMPANY
                                   **CLASS ACTION**
    Defendant.    **IMPROVED WORKFORCE**
                                   **OPPORTUNITY WAGE ACT**

| | |
|---|---|
| Noah S. Hurwitz (P74063) | Allan S. Rubin (P44420) |
| Grant M. Vlahopoulos (P85633) | JACKSON LEWIS P.C. |
| HURWITZ LAW PLLC | *Attorneys for Defendants* |
| *Attorneys for Plaintiff* | 2000 Town Center, Suite 1650 |
| 340 Beakes St., Suite 125 | Southfield, MI 48322 |
| Ann Arbor, MI 48104 | 248-936-1900 |
| (844) 487-9489 | allan.rubin@jacksonlewis.com |
| Noah@hurwitzlaw.com | |
| Grant@hurwitzlaw.com | |

## **DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiffs Brian Hunsaker, Donald Fritz, Nico Frazier, Gerald Hoyle Jr., and Antwan Williams, by and through their attorneys, HURWITZ LAW PLLC, and hereby demands a jury trial in the above-captioned matter for all issues so triable.

                                                        Respectfully Submitted,
                                                        HURWITZ LAW PLLC

*/s/ Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
*Attorneys for Plaintiff*
340 Beakes St. Ste. 125
Ann Arbor, MI 48104
(844) 487-9489

Dated: August 22, 2023