UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN HUNSAKER, DONALD FRITZ,
NICO FRAZIER, GERALD HOYLE,
JR., ANTWAN WILLIAMS, Individually
and on behalf of all similarly situated
individuals,

    Representative Plaintiffs ,

    Case No. 2:23-cv-12145-MFL-APP

v

    Hon. Matthew F. Leitman

IMPERIAL BEVERAGE COMPANY,

    Defendant.

| Noah S. Hurwitz (P74063) | Leigh M. Schultz (P71038) |
|---|---|
| Kara F. Krause (P85487) | Erica L. Quigley (P84498) |
| Hurwitz Law PLLC | Miller Johnson |
| *Attorneys for Representative Plaintiffs* | *Attorneys for Defendant* |
| 340 Bakes Street, Suite 125 | 100 W. Michigan Avenue, Suite 200 |
| Ann Arbor, MI  48104 | Kalamazoo, MI  49007 |
| 844-487-9489 | 269-226-2950 |
| noah@hurwitzlaw.com | schultzl@millerjohnson.com |
| kara@hurwitzlaw.com | quigleye@millerjohnson.com |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL OF PLAINTIFFS' CLAIMS WITH PREJUDICE**

Representative Plaintiffs Brian Hunsaker, Donald Fritz, Nico Frazier, Gerald Hoyle, Jr. and Antwan Williams (collectively the "Representative Plaintiffs"), individually and on behalf of other similarly situated individuals, and Defendant Imperial Beverage Company ("Defendant" or "IBC") have reached an agreement to

resolve this lawsuit. Because Representative Plaintiffs have asserted claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Parties' Settlement Agreement may require the Court's approval.

## I.      BACKGROUND

Defendant IBC is a wholesale beverage distributor with its headquarters in Kalamazoo, Michigan. IBC also maintains warehouses in Livonia, Ishpeming, and Traverse City, Michigan. Representative Plaintiffs are each former hourly delivery drivers employed by IBC in the Livonia location.

On August 22, 2023, Representative Plaintiffs, *individually and on behalf of other similarly situated individuals*, commenced this lawsuit by filing a Complaint against IBC seeking relief under the FLSA and the Michigan Improved Workforce Opportunity Wage Act ("IWOWA"), MCL § 408.931, *et seq*. On November 15, 2023, Representative Plaintiffs, *individually and on behalf of other similarly situated individuals*, filed a First Amended Collective Action Complaint against IBC in the Lawsuit seeking relief under the FLSA. Representative Plaintiffs allege that IBC violated the FLSA by failing to pay them (and other similarly situated employees) certain overtime compensation. IBC denies all allegations in Representative Plaintiffs' Complaint and First Amended Complaint and further denies any wrongdoing with respect to the subject matter of those Complaints.

On September 24, 2025, the Parties engaged in facilitative mediation in an effort to reach an agreement to resolve this suit without any Party incurring additional fees or expenses. The Parties have now reached such an agreement. They desire to compromise and settle the Lawsuit, without any admission of liability or fault, and all claims that were or could have been asserted by Representative Plaintiffs, according to the terms of the Settlement Agreement that is attached hereto as **Exhibit 1** (hereinafter referred to as the "Agreement").

As the Agreement reflects, Representative Plaintiffs, through their undersigned counsel, have (a) made a thorough and independent investigation of the facts and law relating to the allegations and claims in the Lawsuit; (b) concluded that the terms of the Agreement are fair, reasonable, and adequate, and; (c) concluded that it is in the best interest of Representative Plaintiffs and all other similarly situated individuals to resolve and settle the Lawsuit, pursuant to the terms set forth in the Agreement.

## II.   SUMMARY OF KEY SETTLEMENT TERMS

Under the Agreement, IBC would make payments to each Representative Plaintiff as well as to each individual who worked for IBC as an hourly delivery driver in IBC's Livonia and Kalamazoo locations between September 19, 2022 and August 6, 2023 (the "FLSA Collective"). In addition, under the Agreement, IBC would pay Representative Plaintiffs' Attorneys, Hurwitz Law, PLLC, a sum for

attorneys' fees incurred by the Representative Plaintiffs in the Lawsuit. These payments are described in more detail in the Settlement Agreement at Section 2. The payments would be paid by IBC within 30 days of the Court's approval of the Agreement and dismissal of the Lawsuit with prejudice and without costs or fees awarded to any Party. *Id*.

### III. LEGAL ANALYSIS

#### A. Standard for Approval of FLSA Settlements

Although the Sixth Circuit has never definitively answered the question of whether court approval is required for FLSA settlements, district courts have found in favor of court approval of settlements under the FLSA. *See, e.g.*, *Athan v. United States Steel Corp.*, 523 F. Supp. 3d 960, 964 (E.D. Mich. 2021); *Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024, 1026 (W.D. Tenn. 2016) (indicating that the Sixth Circuit's holding in *Runyan v. Nat'l Cash Register Corp.*, 787 F.2d 1039, 1042-43 (6th Cir. 1986) makes it likely that the Court would require approval of FLSA settlements); *Arrington v. Mich. Bell Tel. Co.*, 2012 U.S. Dist. LEXIS 157362, *1 (E.D. Mich. 2012) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

Before a court can approve the settlement of an FLSA claim, "the Court must determine that the parties were engaged in a bona fide dispute and that the settlement is a fair and reasonable compromise of the issues presented." *Athan*, 523

4

F. Supp. 3d at 965. If the settlement of a plaintiff's FLSA claim is a fair resolution of the issues, the court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). As described below, the Parties' proposed Agreement meets this standard.[1]

    **B.    The Proposed Settlement Fairly Resolves the Parties' Bona Fide Dispute.**

Representative Plaintiffs alleged that IBC failed to pay them overtime in violation of the FLSA. IBC denies Representative Plaintiffs' allegations. Because the Parties agreed to resolve this dispute through compromise, the following will not be litigated to conclusion: (1) whether Representative Plaintiffs and all other hourly delivery drivers at IBC are and were exempt from the overtime exempt from the FLSA's overtime requirements pursuant to 29 U.S.C. § 213(b)(1); (2) whether the Representative Plaintiffs are similarly-situated to other current or former employees such that conditional certification is appropriate; (3) whether IBC violated the FLSA; (4) if IBC violated the FLSA, whether the violation was willful and whether liquidated damages are appropriate. "[T]he parties are resolving a bona fide dispute

---

[1] Representative Plaintiffs' counsel has agreed that conditional certification of a collective action and notice to potential opt-in plaintiffs are unnecessary so long as the Settlement Agreement includes—as the Parties' proposed Agreement does—assurances that all individuals in the FLSA Collective (as defined in the Agreement) will be sent payment in accordance with the terms of the Settlement Agreement.

as to both the factual and legal underpinnings of Plaintiff['s] claims." *Athan*, 523 F. Supp. 3d at 965-66.

To resolve this bona fide dispute, IBC proposes to pay the amounts set forth in the Settlement Agreement. These payments would provide the Representative Plaintiffs and the members of the FLSA Collective (as defined in the Agreement) with more than a fair resolution of the claims in the Lawsuit.

The Parties are also represented by counsel who are experienced in employment and wage and hour litigation. It goes without saying that the Parties would not have agreed to the settlement if their attorneys did not believe it was a fair and reasonable resolution of Representative Plaintiffs' claims.

In addition, prior to reaching the Agreement, the Parties were afforded an opportunity to conduct discovery and to review and analyze documentation and information and "used it to evaluate the merits of their respective claims or defenses in comparison to the costs and risks associated with further litigation." *Athan*, 523 F. Supp. 3d at 967. Settlement resolves the uncertainty of litigation for all Parties. There is also no fraud or collusion behind the settlement. The case is still in the early stages, and continuing with litigation of the legal and factual issues would have required significant time and expense for the Parties.

## **CONCLUSION**

For the reasons stated above, the settlement is fair and reasonable. The Parties request that the Court enter an Order approving the Agreement and dismissing this suit with prejudice and without costs or fees awarded to any Party. A proposed Order is attached as **Exhibit 2**.

                                          Respectfully submitted,

| | |
|---|---|
| Date:  November 21, 2025 | /s/ Leigh M. Schultz<br>Leigh M. Schultz (P71038)<br>MILLER JOHNSON<br>*Attorneys for IBC*<br>100 W. Michigan Avenue, Suite 200<br>Kalamazoo, MI  49007<br>269-226-2950<br>schultzl@millerjohnson.com |
| Date: November 21, 2025 | /s/ Noah S. Hurwitz (with permission)<br>Noah S. Hurwitz (P74063)<br>Kara F. Krause (P85487)<br>Hurwitz Law PLLC<br>*Attorneys for Representative Plaintiffs*<br>340 Bakes Street, Suite 125<br>Ann Arbor, MI  48104<br>844-487-9489<br>noah@hurwitzlaw.com<br>kara@hurwitzlaw.com |